# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.   4:16-CR-00124-07-BRW

ANGEL CHAPOTIN-CARRILLO

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 348) is DENIED.

## I. BACKGROUND

On July 24, 2018, Defendant pled guilty to conspiracy to commit wire fraud.[1] On October 23, 2018, he was sentenced to 72 months in prison.[2]

## II. DISCUSSION

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4] Defendant requested compassionate release on June 2, 2020, and that request was denied. It is not

---

[1] Doc. Nos. 207, 208.

[2] Doc. Nos. 156, 158

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

clear whether Defendant appealed the denial. However, I will assume he has exhausted his administrative remedies and that the issue is properly before this Court.

Defendant seeks compassionate release because he wants a "second chance." He also mentions COVID-19, but does not explain how he is more susceptible than any other inmate. These are not "extraordinary and compelling" reasons warranting release.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, to reflect the severity of the offense.

From in or about March 2015 to in or about May 2016, Defendant was involved in a large-scale wire fraud conspiracy. As part of the conspiracy, taxpayers located across the United States would receive telephone calls from people who falsely represented themselves to be employees of the IRS. The callers would tell the taxpayers that the taxpayers owed money to the IRS from an outstanding tax debt when, in fact, the taxpayers did not. Defendants and his co-conspirators, using approximately 80 different false identities, defrauded at least 7,000 taxpayers of over $8,800,000. Numerous victims exhausted their retirements or returned to work to pay the fake tax debt.

Defendant stipulated to restitute of over $1.3 million.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 348) is DENIED.

IT IS SO ORDERED, this 8th day of June, 2021.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE
